**FILED**

**November 14, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 10:00 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Randy White | ) | Docket No. 2016-04-0074 |
| | ) | |
| v. | ) | |
| | ) | State File No. 17376-2015 |
| Boles Trucking, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

### Affirmed and Remanded – Filed November 14, 2016

---

In this interlocutory appeal, the employee reported suffering two work-related injuries to his lower back. Although the employer accepted the compensability of the first injury and authorized medical care, it denied the compensability of the second injury and declined to authorize part of a surgical procedure recommended by the treating physician. Following an expedited hearing, the trial court determined the employee would likely prevail at a hearing on the merits with respect to the compensability of the second injury and ordered the recommended treatment as well as temporary disability benefits. The employer has appealed. Having concluded the evidence does not preponderate against the trial court's determination, we affirm and remand this case for any further proceedings that may be necessary.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

David M. Drobny, Nashville, Tennessee, for the employer-appellant, Boles Trucking

Jill T. Draughon, Nashville, Tennessee, for the employee-appellee, Randy White

**Memorandum Opinion**[1]

Randy White ("Employee") worked for Boles Trucking ("Employer") as a truck driver. On July 6, 2014, he suffered pain in his lower back while moving a valve at work. This claim was accepted as compensable, and Employee was treated by Dr. Juris Shibayama. After undergoing surgery on December 1, 2014 for his work-related injury, Dr. Shibayama released Employee to return to work without restrictions on January 15, 2015.

On February 11, 2015, Employee climbed onto the front tire of his truck to add antifreeze. As he was lowering himself to the ground, his foot slipped and he fell back, resulting in pain in his lower back and legs. He reported this incident to Employer within ten minutes of the occurrence. Employee testified that he felt "throbbing and burning" in his legs. Within several hours, he also reported experiencing numbness in his legs. Employer's office manager, Chastity Boles, confirmed that Employee reported the incident, but testified that he reported experiencing "hurting and burning" in his legs for two days prior to the February 11 incident.

Employee returned to Dr. Shibayama on February 24, 2015 and, in completing a "patient in-take" form, marked on a diagram of a human form two lines going down both legs to indicate the location of certain of his symptoms. However, Dr. Shibayama noted in his February 24 report that Employee reported no leg pain that day. When questioned about this discrepancy, Dr. Shibayama testified that he "probably disregarded the leg pain because he was more focused on the back pain." After a course of physical therapy, injections, and several more office visits, Dr. Shibayama ordered an MRI that revealed spondylolisthesis at L4-5 "translating 4.5 mm with severe disc degeneration at L5-S1." Dr. Shibayama also concluded that Employee's spondylolisthesis was "exacerbated from his work related accident." In June 2015, Dr. Shibayama released Employee to return to work with restrictions.

Employee testified that he attempted to return to work for several months, but experienced persistent and increasing symptoms. He reported being unable to sit for long periods of time, difficulty walking long distances, difficulty using dollies, and missing work due to pain. Employee returned to Dr. Shibayama in January 2016 and asked about surgery. Employee testified that, at the time of the January 2016 examination, he complained, "I couldn't do my job" and "I can't stand to work."

Dr. Shibayama testified that Employee reported experiencing pain going down the back of his right leg in January 2016. An updated MRI revealed "spondylolisthesis at

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

L4-5" and "post-surgical changes at L5-S1 on the left with some impingement on the right." He described the latter finding as "new." However, Dr. Shibayama also acknowledged that the spondylolisthesis "was not structurally changed on the MRI." He recommended a "micro-discectomy at L5-S1 and a fusion at L4-5." Although Employer expressed a willingness to authorize the micro-discectomy at L5-S1 as part of the 2014 claim, it denied authorization for the recommended fusion surgery to address the spondylolisthesis at L4-5.

Thereafter, Employee filed a petition for benefit determination, requesting additional medical treatment as recommended by Dr. Shibayama, as well as additional temporary disability benefits. At the expedited hearing, the parties stipulated that if the court found sufficient evidence that Employee was likely to prevail on the compensability of the 2015 accident and the need for medical treatment caused by that accident, then Employer would pay temporary disability benefits in accordance with statutory requirements. Following the expedited hearing, the trial court concluded that Employee "is likely to prevail at trial as to the issue of whether he sustained a fall at work that was the primary cause of the aggravation of his spondylolisthesis." Accordingly, it ordered the additional medical treatment as recommended by Dr. Shibayama and temporary disability benefits. Employer has appealed.

The dispositive issues in this case are whether the preponderance of the evidence submitted to date supports the trial court's conclusion that Employee is likely to prevail at a hearing on the merits in proving (1) the compensability of the February 11, 2015 accident, and (2) the causal relationship between that accident and the need for the recommended fusion surgery. As to the first issue, it is undisputed that Employee reported the February 11 incident, and his description of the event was corroborated by Employer. It is further undisputed that Employee was working without restrictions prior to that accident and had no difficulties performing his job. Moreover, Employee's testimony regarding the severity of his symptoms after the accident was unrefuted. Under these circumstances, we have no difficulty concluding that the evidence preponderates in favor of the trial court's determination that Employee is likely to prevail in proving a compensable accident occurring on February 11, 2015.

The more difficult issue is whether the medical evidence supports a finding that Employee is likely to prevail in proving that the need for the fusion surgery arose primarily out of the employment. An injury "'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015). When an employee alleges an aggravation of a pre-existing condition, the employee has the burden of proving that the aggravation arose primarily out of and in the course and scope of employment. *See* Tenn. Code Ann. § 50-6-102(14)(A).

3

However, at an expedited hearing, an employee need not prove entitlement to temporary disability or medical benefits by a preponderance of the evidence, but must establish that he or she "would likely prevail" in meeting the ultimate burden of proof at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2015); *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

Here, Dr. Shibayama was the only medical expert to testify. In addition to his deposition testimony, his medical records were admitted into evidence. While aspects of this evidence could be interpreted to support either party's position, the trial court carefully weighed the evidence and concluded that Employee was likely to prevail in establishing that the February 11, 2015 accident was the primary cause of the aggravation of his pre-existing spondylolisthesis. While reasonable minds may view the same evidence differently, we cannot conclude that the trial court erred in its weighing of the medical evidence in light of the lesser standard of proof applicable at an expedited hearing.

We note Employer's argument that the radiological proof, consisting of MRI films taken before and after the February 11, 2015 accident, revealed no anatomical change in Employee's spondylolisthesis according to Dr. Shibayama. However, Dr. Shibayama also testified that "the condition was exacerbated . . . to the point where treatment and now surgery is necessary." He further explained that Employee's spondylolisthesis was previously asymptomatic and the February 11 accident "increased the instability between L4 and L5, which [exacerbated] his symptoms." Although the expert medical proof is close on this issue, we conclude that the trial court did not err in finding Employee is likely to prevail in establishing a compensable aggravation at a trial on the merits.

**Conclusion**

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision at this interlocutory stage of the case. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed, and the case is remanded for any further proceedings that may be necessary.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Randy White | ) | Docket No.  2016-04-0074 |
| | ) | |
| v. | ) | State File No.  17376-2015 |
| | ) | |
| Boles Trucking, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of November, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jill T. Draughon | | | | | X | JDraughon@hughesandcoleman.com |
| David M. Drobny | | | | | X | ddrobny@manierherod.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov